IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDRES GOMEZ, **Individually**,

**Plaintiff**,

v.

Case No.: 17-cv-23845

TUTTO PASTA, INC.,, a Florida Corporation,

Defendant.

# CONSENT DECREE

This CONSENT DECREE is entered into by and between ANDRES GOMEZ, Individually, hereinafter sometimes referred to as "Plaintiff," and TUTTO PASTA, INC.,, a Florida Corporation, hereinafter sometimes referred to as "Defendant," on the date last executed below.

**WHEREAS**, Plaintiff filed the above-captioned lawsuit against Defendant alleging that Defendant violated Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), because its website located at www.tuttopasta.com (hereinafter "website") is not sufficiently accessible to the visually impaired;

**WHEREAS**, Defendant denies having violated any federal laws;

**WHEREAS**, the Parties desire to avoid expense, time, effort, and uncertainty of current or future litigation;

**WHEREAS**, subject to the terms set forth below, Plaintiff and Defendant (hereinafter jointly referred to as the "Parties") have agreed to finally resolve any and all claims and disputes by and between and among them; and

**WHEREFORE**, in consideration of the promises and the mutual covenants and undertakings contained herein and incorporated into this CONSENT DECREE, and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties agree to the following terms and conditions as a full and complete settlement of the Lawsuit:

**I. RELEASE.** Upon the Defendant's full compliance with the terms and conditions of this CONSENT DECREE, Plaintiff hereby releases and discharges Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it has had arising under the Americans With Disabilities Act. This provision is limited to the subject website.

**II. COMPLETION AND IMPLEMENTATION OF ACCESSIBILITY.** Defendant agrees that, within one year of the execution of this Agreement, it shall ensure that its website is and remains in conformity with the guidelines established in the Web Content Accessibility Guidelines ("WCAG") 2.0 by the World Wide Web Consortium ("W3C") Web Accessibility Initiative ("WAI"), and any guidelines published thereafter pertaining to website accessibility and compatibility with and for screen reader software for the visually impaired. In the event that the Department Of Justice promulgates regulations governing the accessibility of websites, then Defendant shall instead ensure that its website conforms with such requirements.

**III. ENFORCEMENT ACTON.** In any action to enforce this CONSENT DECREE, the prevailing party shall be entitled to attorneys' fees, costs and expert fees pursuant to the standards of 42 U.S.C. § 12205 pursuant to the prevailing party standards set forth under the ADA.

**IV. MONETARY CONSIDERATION.** Defendant shall pay Plaintiffs' counsel, Thomas B. Bacon, P.A., Plaintiff's reasonable attorneys' fees, litigation expenses, and costs incurred in this matter. The amounts to be paid shall be established by counsel for the parties by separate letter agreement, which is incorporated as part of this Consent Decree. In the event the parties are unable to agree on the amount of fees, costs, and litigation expenses, then Plaintiff's counsel shall be entitled to petition the Court to determine the amount.

**V. COUNTERPARTS.** The Parties agree that this Agreement may be executed in counterparts, each of which shall be deemed an original but all of which taken together shall constitute but one and the same instrument. The Parties agree that a scanned, emailed, or facsimile copy of a party's signature shall be deemed the equivalent of an original.

**VI. ENTIRE AGREEMENT.** This Agreement constitutes the entire agreement among the Parties on the matters included herein. No other statement, promise, or agreement, either written or oral, made by either party or agents of either party not contained in this Agreement, shall be enforceable. If an arbitrator or court of competent jurisdiction concludes that any part of this Agreement is unenforceable, such portion shall be severed from this Agreement, and all other provisions shall remain enforceable.

**VII. VOLUNTARY EXECUTION.** The Parties represent and acknowledge that this Agreement is given and executed voluntarily, and is not based upon any representation by any of the Parties to another party as to the merits, legal liability, or value of any claim of the Parties or any matters related thereto.

**VIII. AUTHORITY TO EXECUTE.** The Parties represent and warrant to each other that the person executing this Agreement has full authority and capacity to execute this Agreement and to give the release and other promises contained in this Agreement.

**IX. APPLICABLE LAW.** This Agreement is being executed by Defendant in the State of Florida, and it shall be deemed to be made under, and shall be governed by, construed, interpreted and enforced in accordance with the internal laws of the State of Florida in effect as of the date of this Agreement as well as any applicable Federal law.

**X. DISMISSAL OF THE INSTANT LAWSUIT.** Upon execution of this Consent Decree by all parties and the payment of settlement proceeds by the Defendant, the parties shall file the stipulation of approval and entry in the form attached hereto, requesting that the court approve and enter the decree and retain jurisdiction to enforce. The effectiveness of this Consent Decree is conditioned on the Court approving and entering and retaining jurisdiction to enforce. In the event the Court declines, then this Consent Decree shall be null and void and dismissal shall be withdrawn.

**IN WITNESS WHEREOF,** the parties have hereunto signed their names on the day and year written below.

**SIGNATURES:**

**Parties:**

**PLAINTIFF:**

By: _____          Date: _____
ANDRES GOMEZ, Individually

**DEFENDANT:**

By: _____          Date: 05.07.18
TUTTO PASTA, INC.,

3

**VIII. AUTHORITY TO EXECUTE.** The Parties represent and warrant to each other that the person executing this Agreement has full authority and capacity to execute this Agreement and to give the release and other promises contained in this Agreement.

**IX. APPLICABLE LAW.** This Agreement is being executed by Defendant in the State of Florida, and it shall be deemed to be made under, and shall be governed by, construed, interpreted and enforced in accordance with the internal laws of the State of Florida in effect as of the date of this Agreement as well as any applicable Federal law.

**X. DISMISSAL OF THE INSTANT LAWSUIT.** Upon execution of this Consent Decree by all parties and the payment of settlement proceeds by the Defendant, the parties shall file the stipulation of approval and entry in the form attached hereto, requesting that the court approve and enter the decree and retain jurisdiction to enforce. The effectiveness of this Consent Decree is conditioned on the Court approving and entering and retaining jurisdiction to enforce. In the event the Court declines, then this Consent Decree shall be null and void and dismissal shall be withdrawn.

**IN WITNESS WHEREOF,** the parties have hereunto signed their names on the day and year written below.

**SIGNATURES:**

**Parties:**

**PLAINTIFF:**

By: _/s/ Andres Gomez_  Date: 5/10/18
ANDRES GOMEZ, **Individually**

**DEFENDANT:**

By: _____  Date: _____
TUTTO PASTA, INC.,

3